UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCES M. CONNER,<br><br>     Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br><br>     Defendant. | NO:  CV-13-5033-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

   BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 17 and 18.  This matter was submitted for consideration without oral argument.  Plaintiff was represented by D. James Tree. Defendant was represented by Jeffrey E. Staples.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

## JURISDICTION

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 1

1    Plaintiff Frances M. Conner protectively filed for supplemental security

2    income benefits on February 22, 2010. Tr. 118-125. Plaintiff initially alleged an

3    onset date of January 1, 2001, but amended the alleged onset date to February 22,

4    2010 at the hearing. Tr. 40, 118. Benefits were denied initially and upon

5    reconsideration. Tr. 73-76, 82-83. Plaintiff requested a hearing before an

6    administrative law judge ("ALJ"), which was held before ALJ R.J. Payne on

7    November 17, 2011. Tr. 38-70. Plaintiff was represented by counsel and testified at

8    the hearing. Tr. 47-70.  Medical expert Charles Wiseman, M.D. also testified. Tr.

9    42-53. The ALJ denied benefits (Tr. 18-31) and the Appeals Council denied review

10    (Tr. 1). The matter is now before this court pursuant to 42 U.S.C. § 405(g).

11                          **STATEMENT OF FACTS**

12    The facts of the case are set forth in the administrative hearing and

13    transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner,

14    and will therefore only be summarized here.

15    Plaintiff was 45 years old at the time of the hearing. Tr. 54. She completed

16    twelfth grade. Tr. 54. Plaintiff was previously employed as a maid and a cashier at

17    Burger King, but stopped working to raise her kids. Tr. 54-55. Plaintiff complains

18    of constant pain in her back and down her right side, which requires her to lay

19    down at least an hour a day. Tr. 57-58. She testified that she has been overweight

20    since adolescence, and weighed 300 pounds at the time of the hearing. Tr. 60.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 2

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing

the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 4

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 5

404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  6

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy." 20 C.F.R. § §

404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir. 2012).

ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful

activity since February 22, 2010, the alleged onset date. Tr. 23. At step two, the

ALJ found Plaintiff has the following severe impairments: back pain syndrome and

obesity. Tr. 23. At step three, the ALJ found that Plaintiff does not have an

impairment or combination of impairments that meet or medically equals the

severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1.

Tr. 24. The ALJ then determined that Plaintiff had the RFC

> to perform a range of sedentary work as defined in 20 C.F.R. § 416.967(b).
> The claimant can occasionally lift and carry up to 20 pounds and frequently
> lift and carry up to 10 pounds. She can stand and walk for about 2 hours in
> an 8-hour day and sit for about 6 hours in an 8-hour day. The claimant can
> occasionally climb ramps and stairs, but never climb ladders, ropes, or
> scaffolds. She can occasionally balance. The claimant should avoid
> concentrated exposure to extreme cold, vibration, and hazards (machine
> heights, etc.).

Tr. 24. At step four, the ALJ found Plaintiff is unable to perform any past relevant

work. Tr. 27. At step five, the ALJ found that considering the Plaintiff's age,

education, work experience, and RFC, there are jobs that exist in significant

numbers in the national economy that Plaintiff can perform. Tr. 27.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 7

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ improperly denied Plaintiff's polycystic ovarian disease as groundless at step two; (2) the ALJ improperly weighed the medical evidence; (3) the ALJ erred in rejecting Plaintiff's subjective complaints; (4) the ALJ failed to properly develop the record; and (5) the ALJ erred at step five. ECF No. 17 at 7-16. Defendant argues: (1) a scrivener's error at step two was harmless; (2) the ALJ adequately developed the record; (3) the ALJ properly assessed Plaintiff's credibility; (4) the ALJ reasonably weighed the medical opinions of record; and (5) the ALJ properly supported his step five finding. ECF No. 18 at 2-14.

**DISCUSSION**

**A. Step Two**

At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a severe impairment. 20 C.F.R. § 416.920(a). Plaintiff bears the burden to establish the existence of a severe impairment or combination of impairments, which prevent her from performing substantial gainful activity, and that the impairment or  combination of impairments lasted for at least twelve continuous months. 20 C.F.R. §§ 404.1505, 404.1512(a); *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2011). To be considered 'severe,' an impairment must significantly limit an individual's ability to perform basic work activities. 20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  8

C.F.R. §§ 404.1520(c), 416.920(c); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities. SSR 96-3P, 1996 WL 374181 at *1 (July 2, 1996). Basic work activities include "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 404.1521(b).

A physical or mental impairment is one that "results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and "under no circumstances may the existence of an impairment be established on the basis of symptoms alone." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing SSR 96-4p, 1996 WL 374187 (July 2, 1996) (defining "symptoms" as an "individual's own perception or description of the impact of" the impairment)).

Plaintiff argues the ALJ improperly rejected polycystic ovarian disease as a severe impairment at step two. In support of this argument, Plaintiff cites to an inconsistency in the ALJ's step two analysis which first finds that Plaintiff's symptoms associated with polycystic ovarian disease "significantly interfere with

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 9

her ability to perform basic work-related activities," but in the following paragraph finds this same impairment to be "non-severe." ECF No. 17 at 8. However, in her briefing Plaintiff fails to acknowledge that the ALJ additionally reasoned that polycystic ovarian disease was non-severe because it was "controlled by exercise and there is no record of it causing functional limitations." Tr. 23. Moreover, in the subject heading of the decision addressing step two, the ALJ did not include polycystic ovarian disease as a severe impairment. Tr. 23. Thus, the court agrees with Defendant that the inclusion of polycystic ovarian disease as a severe impairment in the first paragraph addressing ALJ's step two findings was an unintentional oversight. Moreover, Plaintiff offers no argument or medical evidence to support a finding that polycystic ovarian disease was a severe impairment; nor does she assign error to the ALJ's finding that this impairment was not severe because it is controlled by exercise and the record did not show that it caused a functional limitation. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court need not address issues not briefed with specificity). Thus, the court finds the ALJ's step two analysis is free of legal error.

Nevertheless, due to error identified below in the ALJ's decision, the ALJ should revisit the step two finding on remand, and correct the apparent inconsistency as to whether polycystic ovarian disease is a severe impairment.

**B. Medical Opinion Evidence**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 10

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009)(quotation and citation omitted).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 11

1    Plaintiff argues the ALJ "improperly rejected the opinions of her treating

2  and examining medical providers, including that of Dr. [Penny] Stringer." [1]ECF

3  No. 17 at 9-12. Dr. Stringer opined that if Plaintiff attempted to work a 40 hour per

4  week work schedule, it would be more probable than not that she would miss 4

5  days or more of work per month "due to pain, other medical problems,

6  [hypertension], and obesity." Tr. 210. The ALJ granted "little weight" to Dr.

7  Stringer's opinion for multiple reasons. Tr. 26-27.  Plaintiff argues the reasons

8  provided by the ALJ were "not valid" and contends the ALJ "offered nothing more

9  than a vague assertion that Dr. Stringer's opinion was not supported by the

10  evidence." ECF No. 17 at 10.

11

_____

12  [1] While Plaintiff's briefing implies that the ALJ rejected the opinions of more than

13  one medical provider, her argument appears limited to the rejection of Dr.

14  Stringer's opinion. Additionally, as noted by the Defendant, it is unclear from the

15  record whether Dr. Stringer is a treating or examining physician.  Dr. Stringer's

16  sole report does not specify that she examined Plaintiff (Tr. 209-210) and Plaintiff

17  testified at the hearing that she saw Dr. Stringer "[j]ust the one time" because she

18  was the only person qualified to complete the paperwork regarding Plaintiff's

19  application for social security disability. Tr. 51. The ALJ also noted that Dr.

20  Stringer is "not represented in the record as a treating physician." Tr. 26.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  12

1     As an initial matter, Plaintiff is correct that "[t]o say that medical opinions

2 are not supported by sufficient objective findings … does not achieve the level of

3 specificity our prior cases have required…." *Embrey v. Bowen*, 849 F.2d 418,

4 421(9th Cir. 1988). However, the ALJ in this case did not impermissibly rely on

5 this generalized reasoning, and instead offered additional specific and legitimate

6 reasons for rejecting Dr. Stringer's opinion. First, while not acknowledged by

7 Plaintiff, the ALJ found that Dr. Stringer's medical report "lacks appropriate

8 citation to the medical evidence in order to support the opinions therein." Tr. 26.

9 The medical report completed by Dr. Stringer is two pages long and offers no

10 explanation for her findings and no indication that she reviewed Plaintiff's medical

11 records, aside from a single x-ray, before opining that Plaintiff would miss more

12 than four days a month if working a forty hour work week. Tr. 209-10.  The ALJ

13 may properly reject any opinion that is brief, conclusory and inadequately

14 supported by clinical findings.  *Bayliss*, 427 F.3d at 1216 (9th Cir. 2005).

15     Additionally, the ALJ found Dr. Stringer's medical report was

16 "contradictory to the record in most of its findings as well as being inconsistent

17 with the opinions of DDS and D[r]. Wiseman." Tr. 26-27.  As noted by Defendant,

18 consistency with the record as a whole is a factor considered by the ALJ when

19 weighing a medical opinion.  20 C.F.R. § 404.1527(c)(4).  The ALJ in this case

20 found Dr. Stringer's opinion was inconsistent with Dr. Wiseman's opinion that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 13

Plaintiff would be able to maintain full-time work on a regular and continuous basis in a competitive work environment at the sedentary level. Tr. 46.  "Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, consistent with Dr. Wiseman's testimony, the ALJ relied on two separate Disability Determination Services ("DDS") physicians' opinions that Plaintiff could occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds; stand and walk for six hours in an eight hour workday; and sit about six hours in an eight hour workday. Tr. 198, 208.  Moreover, examining physician Dr. Wing C. Chau found that although Plaintiff had multilevel degenerative disc disease, she had full cervical range, ability to trunk flex and touch her toes, and was "unremarkable across the spine." Tr. 194. Functionally, Dr. Chau found Plaintiff was able to ambulate with reciprocal gait pattern, be up on toes and heels, did not limp, was able to stoop and squat, and she was able to get up and down from the exam table. Tr. 194.

For all of these reasons, the ALJ properly rejected Dr. Stringer's medical opinion by articulating specific and legitimate reasons supported by substantial evidence.

## C. Credibility

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 15

concerning the nature, severity, and effect of the claimant's condition. *Id.*  Absent

any evidence of malingering, the ALJ's reasons for discrediting the claimant's

testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d

661, 672 (9th Cir.2012) (quotation and citation omitted).

The ALJ's decision does not identify any evidence of malingering. The ALJ

found "the [Plaintiff's] statements concerning the intensity, persistence and

limiting effects of these symptoms are not credible to the extent they are

inconsistent with the above residual functional capacity assessment." Tr. 25.

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for

rejecting Plaintiff's subjective complaints.  ECF No. 17 at 12-13.  The court

agrees. As an initial  matter, the parties appear to be in agreement that the ALJ

improperly opined that "the evidence suggests that the claimant's morbid obesity is

a primary cause of her musculoskeletal pain and her current few functional

limitations. However, there is little evidence that the claimant has made any

attempt to address her obesity and the symptoms that flow from it." Tr. 26.

According to SSR 02-1p, a Plaintiff's failure to lose weight is relevant only if there

is clear and convincing evidence that a prescribed weight loss treatment would be

effective. SSR 02-1p (September 12, 2002)*, available at* 2002 WL 34686281 at *9;

*see also Orn v. Astrue*, 495 F.3d 625, 637-38 (9th Cir. 2007) ("failure to follow

treatment for obesity tells us little or nothing about a claimant's credibility").  The

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  16

1    court does not discern, nor does Defendant offer any evidence, that a formal weight

2    loss treatment plan was prescribed to Plaintiff, or that it would have been effective.

3    Thus, Plaintiff's failure to lose weight was improperly considered as part of the

4    ALJ's credibility analysis.

5            Second, the ALJ reasoned that Plaintiff's subjective pain testimony was not

6    credible because of her answers at the hearing regarding pain medications. The

7    ALJ devoted an entire paragraph of his decision to this reason as follows:

8            At the hearing, when questioned as to why she was not taking any pain
            medications, the claimant stated that all over the counter medications were

9        ineffective, so she just did not take them. When she was asked if she had
        been told by her providers to try various combinations of pain relievers her

10   answer was vague; she eventually stated that her doctors took her off
        narcotics, prescribe[d] nothing else, and failed to tell her why. On the whole,

11   the claimant's testimony is not fully credible. Her pain complaints are
        clearly magnified when compared to the objective findings of moderate

12   degenerative disease (a progressive condition that affect[s] all people as they
        age) and her intact musculoskeletal, neurological, and functional abilities as

13   per Dr. Chau.

14   Tr. 26. Defendant argues that the ALJ reasonably concluded that Plaintiff's failure

15   to take pain medication weighed against her credibility because lack of treatment is

16   a valid reason to discredit pain testimony. ECF No. 18 at 6-7 (citing *Burch v.*

17   *Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).  However, after reviewing the

18   testimony regarding pain medication, the court finds the ALJ's reasoning both

19   mischaracterized and entirely omitted relevant portions of Plaintiff's testimony as

20   to why she did not take pain medication.  First, there is no indication in the record

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 17

1    that over the counter pain medication was successful in controlling Plaintiff's pain

2    symptoms. Second, the medical expert and ALJ questioned Plaintiff at great length

3    about what she had been prescribed and why her medical providers made certain

4    decisions about pain medication. Tr. 48-53. The ALJ found her answers "vague,"

5    but his recounting of the testimony fails to reveal that Plaintiff repeatedly testified

6    that she was put on Miloxam by the physicians at the community health clinic, but

7    was subsequently taken off of the medication because "you're only supposed to be

8    on it for a year." Tr. 48, 52-53. The ALJ also failed to acknowledge Plaintiff's

9    testimony that she was referred to a pain clinic after the Miloxam was

10   discontinued, but she could not afford to pay $500 for the visit. Tr. 49, 63-64. It is

11   widely held in the Ninth Circuit that lack of treatment may be justifiable when

12   Plaintiff is unable to afford treatment. *See e.g., Orn*, 495 F.3d at 638. While the

13   ALJ acknowledges that Plaintiff did not go to the doctor often because she doesn't

14   have medical insurance during the hearing, he fails to provide any analysis of

15   whether her inability to afford treatment may have justified her lack of treatment.

16   This is legal error. Moreover, while Dr. Wiseman repeatedly expresses disbelief

17   that Plaintiff is not taking pain medication, "[s]heer disbelief is no substitute for

18   substantial evidence." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004).

19   Finally, the ALJ's finding that Plaintiff's pain complaints are "clearly magnified"

20   when compared with objective findings of moderate degenerative disc disease is a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  18

relevant consideration, but the ALJ cannot discredit Plaintiff's pain testimony for this reason alone. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). For all of these reasons, the ALJ's findings surrounding Plaintiff's failure to take pain medication was not clear and convincing.

Third, the ALJ reasoned that Plaintiff "ceased working twelve years prior to be a stay at home mother, not because she was disabled." Tr. 26. He further opined that "[t]here is no evidence that the claimant has even attempted to return to work in any capacity during those twelve years, but instead became deconditioned and now believed she is entitled to benefits. The claimant's motivation largely appears to be secondary gain and convenience." Tr. 26. At the hearing Plaintiff testified that she stopped working to raise her children. Tr. 55.  Defendant argues that evidence Plaintiff stopped working for reasons other than her alleged disability was a proper reason to discount Plaintiff's credibility. ECF No. 18 at 9 (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (testimony that impairment was not the reason claimant stopped working undermines credibility)). However, given that twelve years have elapsed between the time Plaintiff stopped working to raise her kids, and the alleged disability onset date in this case, the court finds the reason she stopped working twelve years ago does not detract from her claim that she became unable to work in February 2010.  Moreover, while an ALJ may consider motivation and the issue of secondary gain in evaluating

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 19

1    credibility; the ALJ in this case cites no evidence in the record to support his

2    speculative conclusion that Plaintiff was motivated by secondary gain or that she

3    "believed she is entitled to benefits." *See Matney on Behalf of Matney v. Sullivan*,

4    981 F.2d 1016, 1020 (9th Cir. 1992).  This was error.

5            Finally, Defendant argues that in making his credibility finding the ALJ

6    properly relied on "inconsistencies between Plaintiff's statements and the objective

7    medical evidence." ECF No. 18 at 8-9.  Specifically, Defendant cites the physical

8    consultative exam of Plaintiff by Dr. Wing Chau, and the ALJ's findings that "[b]y

9    and large the objective evidence gathered by Dr. Chau showed the claimant largely

10   devoid of any functional deficits due to back pain or obesity. Her flexibility and

11   functional prowess was not all in line with her contention of 10/10 pain." Tr. 25.

12   According to Defendant, this finding was a proper reason to discount credibility

13   according to Social Security Ruling ("SSR") 96-7p which states that "[o]ne strong

14   indication of the credibility of an individual's statements is their consistency, both

15   internally and with other information in the case record." SSR 96-7p, *available at*

16   1996 WL 374186 at *5 (July 2, 1996). However, as stated above, the ALJ cannot

17   reject Plaintiff's subjective pain testimony based solely on lack of objective

18   medical evidence supporting the alleged severity of the pain. *See Rollins*, 261 F.3d

19   at 856.

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 20

The court finds the ALJ's reasons for the credibility finding were not specific, clear and convincing. On remand, the ALJ must make a proper determination of credibility supported by substantial evidence.

**D. Duty to Develop the Record**

The ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). However, "[a]n ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150).

Plaintiff argues the ALJ erred in failing to fully and fairly develop the record. ECF No. 17 at 14-15. Upon questioning by the ALJ as to whether Plaintiff met or equaled a listed impairment, the medical expert Dr. Wiseman testified as follows:

> Q: Dr. Wiseman, does the claimant's condition either singly or in combination meet or equal any of the listings of impairment?
>
> A: There's a potential for her meeting a listing, but it was not adequately studied or addressed in the documentation. As you know and as I'm very concerned with, sleep disorders are a much under-recognized condition, especially in the obese, [sic] very likely has sleep apnea. There was one mention, I think it was in a physical RFC of May 17th last year that back pain affects her sleep. And it's possible that if she has disturbed sleep from

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 21

back pain or disturbed sleep from sleep apnea that she might have a daytime hypersomnia syndrome. **I'm speculating**.

Q: And is this reflected in the record? Now is it in the treatment notes?

A: There's no evidence of treatment, no evidence that it was diagnosed or attended to. But there was an entry by – in the record by Dr. Stanley [PHONETIC], I think it is – Stanley.

[…]

Q: So, doctor, as far as – I think we've established that no listing has been met or equaled based on record of evidence, is that correct?

A: I cannot say that she meets or equals the listing, as I understand the data.

Tr. 44-45 (emphasis added). The ALJ found that

Dr. Wiseman testified that there is a possibility that the claimant could have daytime hypersomnia syndrome based upon her morbid obesity and complaints of back pain, but there is no objective evidence of this in the record and Dr. Wiseman admits as much. Accordingly, an impairment of daytime hypersomnia is not medically determinable.

Tr. 23. Plaintiff contends that the ALJ failed to meet his duty to fully and fairly develop the record when he chose not to order the "necessary evaluation" to determine whether Plaintiff has sleep apnea and "offered nothing more than a vague assertion that the evidence did not support a finding of sleep apnea." ECF No. 17 at 14. Defendant argues that the ALJ's duty to inquire further was not triggered because the record is neither ambiguous nor inadequate on this issue. ECF No. 18 at 5.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  22

The ALJ's rejection of Plaintiff's alleged sleep apnea and hypersomnia syndrome at step two was proper for several reasons. First, it is Plaintiff's duty to prove he or she is disabled. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled."). However, the court finds no evidence that Plaintiff alleged limitations on her ability to work due to sleep apnea or daytime hypersomnia. *See* Tr. 73, 82, 134, 153, 195. Moreover, to establish the existence of a medically determinable impairment, the Plaintiff must provide medical evidence consisting of "signs – the results of 'medically acceptable clinical diagnostic techniques,' such as tests – as well as symptoms," a claimant's own perception or description of his physical or mental impairment." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).  The record Dr. Wiseman relies on in opining that Plaintiff "very likely" has sleep apnea is a single entry by Dr. Normal Staley, an agency evaluator, who briefly noted that Plaintiff's back pain affects her sleep. Tr. 204.  Dr. Wiseman extrapolates from this single entry in the record that Plaintiff *could* have daytime hypersomnia as a result of disturbed sleep from back pain, or possible sleep apnea due to her obesity. Tr. 44. However, Dr. Wiseman acknowledges that there is no objective evidence of treatment or diagnosis of sleep apnea or hypersomnia syndrome in the record, and testifies that the possibility of Plaintiff having these conditions is speculation. Tr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 23

44. Moroever, Plaintiff herself testified "I don't think I got sleep apnea." Tr. 64. Thus, Plaintiff offers neither signs nor symptoms that would establish a medically determinable impairment. *See Ukolov*, 420 F.3d at 1005.

The ALJ accurately determined that hypersomnia syndrome was not a medically determinable impairment, and admittedly speculative testimony from Dr. Wiseman at the hearing does not belatedly create an ambiguity or inadequacy. Thus, the ALJ's duty to further develop the record was not triggered by Dr. Wiseman's testimony as to the possibility of sleep apnea and daytime hypersomnia.

**E. Step Five**

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy that the claimant can perform taking into account claimant's residual functional capacity, age, education, and work experience. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e). The ALJ can demonstrate this either (1) through the testimony of a vocational expert or (2) by reference to the Commissioner's Medical-Vocational Guidelines ("the grids"). *Id*. The Commissioner may apply the grids in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations. *Jones v. Heckler*, 760 F.2d 993,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 24

998 (9th Cir. 1985). However, "an ALJ is required to seek the assistance of a vocational expert when the non-exertional limitations are at a sufficient level of severity such as to make the grids inapplicable to the particular case." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007); *see also Tackett*, 180 F.3d at 1102 (a "non-exertional impairment, if sufficiently severe, may limit the claimant's functional capacity in ways not contemplated by the [grids]"). "Examples of non-exertional limitations are pain, postural limitations, or environmental limitations." *Tackett*, 180 F.3d at 1102.

Plaintiff argues that the ALJ erred by relying on the grids instead of taking the testimony of a vocational expert "despite the existence of significant non-exertional limitations." ECF No. 17 at 15.  The ALJ applied the grids at step five and found that "the additional limitations have little or no effect on the occupational base of unskilled light work." [2] Tr. 27. The "additional limitations" included in Plaintiff's RFC were as follows: "claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally balance. The claimant should avoid concentrated exposure to extreme cold,

---

[2] The ALJ refers here to "light work" instead of the "sedentary work" previously assessed in the RFC section of the ALJ's decision. *See* Tr. 24. Plaintiff assigns no error, and in light of the remand of this matter, the court declines to address this apparent discrepancy.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 25

vibration, and hazards (machinery heights, etc.)." Tr. 24. Defendant is correct that, standing alone, the non-exertional limitations in Plaintiff's RFC as assessed by the ALJ do not significantly erode the occupational base of sedentary work. *See* SSR 96-9 (July 2, 1996), *available at* 1996 WL 374185 at *7-8 ("[p]ostural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, [or] balancing … would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work;" and "few occupations in the unskilled sedentary occupational base require work in [extreme] environments"). However, as discussed above, the ALJ failed to properly evaluate Plaintiff's credibility as to her allegations of pain. Because Plaintiff's RFC may be impacted by the re-evaluation of her subjective testimony, the ALJ must also reconsider the step-five finding on remand, including whether Plaintiff's alleged non-exertional limitations necessitate testimony from a vocational expert.

**CONCLUSION**

The ALJ's decision is not supported by substantial evidence and free of legal error. On remand, the ALJ must reassess Plaintiff's credibility; and, if necessary, reconsider Plaintiff's RFC and make new findings at step five.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 26

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.
The matter is remanded to the Commissioner for additional proceedings
pursuant to sentence four 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and
provide copies to counsel.

**DATED** this  20th day of  May, 2014.

          s /Fred Van Sickle
          Fred Van Sickle
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  27